Rudolph Eller, Appellee, v. Frances A. Eller, Appellant.

Gen. No. 21,308.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. Charles M. Foell, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed March 28, 1916. Rehearing denied April 10, 1916.

## Statement of the Case.

Bill for divorce by Rudolph Eller, complainant, against Frances A. Eller, defendant. From a decree for complainant, defendant appeals.

The decree appealed from granted the husband a divorce on the ground of extreme and repeated cruelty, dismissed the wife's cross-bill for separate maintenance, directed partition of certain real estate owned by them as tenants in common, and appointed a receiver to collect the rents from the property pending the partition proceedings. Defendant contended that the decree was against the clear preponderance of the evidence, that the cross-bill was supported by the greater weight of the evidence, that the court had no jurisdiction to make partition or appoint a receiver.

The decree found that the wife had since their intermarriage been guilty of extreme and repeated cruelty substantially as charged in the bill of complaint, that she was a woman of great austerity of temper, that she indulged in violent sallies of passion, that she had on two occasions used personal violence towards her husband, striking him once a violent blow in the face resulting in pain and loosening his teeth and at another time on his hand with a heavy hatchet, bruising it and causing pain; and that she used towards him opprobrious, obscene and abusive language without provocation, and maliciously and without

reasonable cause accused him of having unlawful sexual intercourse with one of his tenants. Against the evidence of seven witnesses as to her use of opprobrious epithets and abusive language towards him, there was her bare uncorroborated denial, and against three witnesses charging him with similar language towards her, there was his bare denial. The motives and interests of these several witnesses were not disclosed in the record.

Her version as to both incidents of physical violence was supported by her son, who took an active part in her behalf in one of them, her daughter and another witness, as to one occasion, and her daughter and son-in-law, as to the other occasion, corroborated in the main his version of the affairs. The main acts of cruelty charged by her against him were parts of the same incidents relied upon to establish his charges of the same character. There was evidence of intentional commission without just provocation of two distinct acts of physical violence against him of a painful and serious character, while she was in a state of ungovernable temper and evincing an utter disregard of any danger that might attend them. There was evidence showing the history of their family troubles apparently began over money matters in which he was seemingly fair and generous, and showing that he had always evinced a kind and peaceable disposition towards her and her children by a former marriage, and that she was a large, strong woman, of high temper and wilful quarrelsome disposition, given to vituperative and vulgar language towards him and his tenants (all of whom testified for him and against her), and that she had evinced a manifest disposition to get hold of his property and to get rid of him, and had previously without good grounds filed a bill for separate maintenance, which she dismissed, containing unjustifiable charges against him, and that he was at the time of trial nearly seventy years old (her senior by about eighteen years).

ALONZO M. GRIFFEN and ROBERT E. BERLET for appellant.

CHYTRAUS, HEALY & FROST, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. DIVORCE, § 45*—*what constitutes preponderance of evidence in favor of plaintiff*. There being sufficient evidence on which to base each finding in a decree for divorce, whether such evidence preponderates in complainant's favor depends upon the credibility of witnesses.

2. WITNESSES, § 261*—*how credibility determined*. The opportunity to see as well as hear is of the greatest importance in determining the weight and credibility of evidence.

3. DIVORCE, § 77*—*when decree in divorce action not disturbed on appeal*. Charges in bill and cross-bill being of same nature and character, and the evidence irreconcilably conflicting at most essential points, thus requiring close consideration of the witnesses' credibility, the Appellate Court will not disturb the decree or analyze the evidence.

4. DIVORCE, § 47*—*when evidence sufficient to show cruel and inhuman treatment of husband by wife*. On a bill for divorce by a husband, evidence *held* sufficient to establish extreme and repeated cruelty of wife to husband.

5. DIVORCE, § 144*—*when court jurisdiction to partition real estate of husband and wife*. A court in divorce suit may make partition of real estate of husband and wife.

6. DIVORCE—*when settlement of controversy as to real estate conclusive upon parties*. Where parties in divorce suit by mutual agreement settle all controversies and questions respecting their real estate, and it is so found in the decree, they cannot afterwards raise such question on its merits.

7. APPEAL AND ERROR, § 429*—*when question of multifariousness not properly raised on appeal*. Question of multifariousness in pleading in divorce suit is improperly raised in the Appellate Court for the first time.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.